Filed 2/20/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ARIEL V. RAMOS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HOMEWARD RESIDENTIAL, INC.,<br><br>    Defendant and Respondent. | D063740<br><br><br><br>(Super. Ct. No. 37-2011-00055649-<br>CU-OR-NC) |

APPEAL from an order of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Southland Law Center and Rick L. Raynsford for Plaintiff and Appellant.

Wright, Finlay & Zak, T. Robert Finlay and Charles C. McKenna for Defendant and Respondent.

Our Code of Civil Procedure provides a number of ways to serve process on a corporation doing business in the state.  The most common method is by service on the corporation's designated agent for service of process.  (Code Civ. Proc.,[1] § 416.10,

_____

[1]    All further statutory references are to the Code of Civil Procedure.

subd. (a).)  Otherwise, a corporation may be served by personally delivering a summons and complaint to those corporate officers, managers and employees identified in section 416.10, subdivision (b), *or* by delivering process to someone in charge of the office of one of the individuals identified in section 416.10, subdivision (b) and then mailing the individual a copy of the summons and complaint.  (§ 415.20.)

Here, the plaintiff used none of the methods prescribed in the Code of Civil Procedure for service of process on a corporation.  Rather, the plaintiff simply left a summons and complaint with someone who was in charge of a branch office of the defendant corporation and then mailed the corporation, rather than any individual officer or manager, a copy of the summons and complaint.  Although service was defective, the plaintiff nonetheless obtained a default against the corporation and a $254,000 default judgment.

Because service on the corporation was defective, the trial court properly granted the corporation's motion to set aside the default and default judgment.  Accordingly, we affirm its order doing so.

## FACTUAL AND PROCEDURAL BACKGROUND

Well before this litigation was initiated, on December 17, 2007, defendant American Home Mortgage Servicing, Inc. (AHMSI/Homeward)[2] filed a statement with the Secretary of State's office designating CT Corporation System (CT) as its agent for

---

[2]  On May 29, 2012, American Home Mortgage Servicing, Inc. changed its name to Homeward Residential, Inc.  Because in the record and briefs the corporation is referred to alternatively as AHMSI and Homeward, for the sake of clarity we will refer to the corporation as AHMSI/Homeward.

service of process. The designation stated that CT's address is 818 W. Seventh Street, Los Angeles, CA 90017.

On June 23, 2011, plaintiff Ariel V. Ramos filed a complaint against AHMSI/Homeward that alleged a number of causes of action related to the foreclosure of a deed of trust on Ramos's home.

A process server retained by Ramos attempted to serve AHMSI/Homeward at an office the corporation operated in Irvine. In attempting to effect service on AHMSI/Homeward, Ramos's process server asked to speak to whomever was in charge of the Irvine office. A woman responded to his request and identified herself as being in charge of the office. The process server handed the woman the summons and complaint, and she advised the process server that she could not accept the documents. The process server was unable to obtain the name of the woman to whom he delivered the summons and complaint.

Later, Ramos's process server mailed a copy of the summons and complaint to AHMSI/Homeward at the Irvine address. However, the copy was not addressed to any officer or named individual but instead was simply sent to AHMSI/Homeward.

On July 21, 2011, Ramos's counsel received in the mail the summons and complaint that had been served at the Irvine address. Attached to the summons and complaint, on a sheet of paper with AHMSI/Homeward's letterhead, was an unsigned message which stated: "Please send to our registered agent at: [¶] CT Corporation [¶] 350 North Saint Paul Street [¶] Dallas, Texas 75201 [¶] 214-979-1172."

3

On August 18, 2011, and again on September 26, 2011, Ramos's counsel sent electronic facsimile letters to AHMSI/Homeward's legal department stating that Ramos had filed a complaint against AHMSI/Homeward, that AHMSI/Homeward had not responded and that Ramos had requested entry of its default.

Based on the delivery to AHMSI/Homeward's Irvine office, on March 23, 2012, AHMSI/Homeward's default was entered.

On July 3, 2012, Ramos obtained a $254,155 default judgment against AHMSI/Homeward.

On November 27, 2012, Ramos executed a notice of levy on a bank account owned by AHMSI/Homeward. On November 30, 2012, the bank notified AHMSI/Homeward of the levy of execution.

AHMSI/Homeward filed its motion to set aside the default and default judgment on January 14, 2013. Ramos opposed AHMSI/Homeward's motion on the grounds he had properly served the corporation and that, in any event, any defect in service was merely technical and did not deprive AHMSI/Homeward of actual notice of the action. Ramos relied upon the declaration of his counsel who, among other matters, stated that AHMSI/Homeward had not provided the Secretary of State's office with an agent for service of process and that he had sent AHMSI/Homeward notice of the action.

On February 14, 2013, while AHMSI/Homeward's motion was pending, the Orange County Sheriff's Department disbursed to Ramos's counsel the $254,190 the

4

sheriff had obtained from AHMSI/Homeward's bank account.[3]

On March 22, 2013, the trial court granted AHMSI/Homeward's motion to set aside the default and default judgment. The trial court found that service on AHMSI/Homeward was defective and that, in any event, AHMSI/Homeward was entitled to discretionary relief from the default and default judgment. The trial court also ordered Ramos to return to AHMSI/Homeward the funds that had been disbursed to him and his attorney.[4]

Ramos filed a timely notice of appeal from the judge's order setting aside the default and default judgment.

I

Where, as here, a motion to vacate is made more than six months after entry of a judgment, a trial court may grant a motion set aside that judgment as void only if the judgment is void on its face. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441; § 473, subd. (d).) "'A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll'. [Citation.]" (*Dill v.*

_____

[3]     In later discovery conducted by AHMSI/Homeward, Ramos's counsel disclosed he transferred one-half of the proceeds to Ramos and kept one-half for himself. Counsel further disclosed that he had used the funds he obtained from AHMSI to, among other things, pay an outstanding debt to the Internal Revenue Service, pay bonuses to independent contractors who worked with his law firm, and pay other business and personal expenses. Ramos returned to AHMSI/Homeward $70,000 of the $127,000 he had received from his lawyer and stated that he had used the remaining funds to pay personal expenses.

[4]     See footnote 3, *ante*.

5

*Berquist Construction Co.*, *supra*, at p. 1441.)

When a judgment by default has been entered, the judgment-roll is limited to the: summons, proof of service of the summons, complaint, request for entry of default, copy of the judgment, notice of any ruling overruling a demurrer interposed by the defendant and proof of service thereof, and, if service was by publication, affidavit for publication and order directing it. (§ 670, subd. (a).) Because any defect in service must appear on the face of the judgment-roll as delimited by the documents specified in section 670, subdivision (a), our review of a trial court's order finding such a facial defect is of necessity de novo. (See *Cruz v. Fagor America, Inc*. (2007) 146 Cal.App.4th 488, 496.)

However, where a plaintiff has contested a motion to vacate a default judgment by way of affidavits or other evidence that goes beyond the judgment-roll as set forth in section 670, subdivision (a), of necessity our review goes beyond the judgment-roll. (See, e.g., *Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at 1441 [defect in service that appears on face of judgment-roll shifts "evidentiary burden" to plaintiff].) In determining any issues raised by such evidentiary matters, our review is governed by the familiar abuse of discretion standard. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.) That standard requires we defer to factual determinations made by the trial court when the evidence is in conflict, whether the evidence consists of oral testimony or declarations. (*Ibid*.; *Goya v. P.E.R.U Enterprises* (1978) 87 Cal.App.3d 886, 891.)

Thus, here, we review the trial court's finding of a facial defect in service de novo. However, the trial court's implied rulings rejecting Ramos's attempt to show substantial

6

compliance and its finding that, in any event, ASHMI/Homeward is entitled to equitable relief from the default and default judgment, were made on the basis of the parties' conflicting declarations.  Accordingly, we review those rulings for abuse of discretion. (See *Shamblin v. Brattain*, *supra*, 44 Cal.3d at p. 479; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [equitable relief from judgment reviewed for abuse of discretion].)[5]

## II

The face of the judgment-roll here and, in particular, the proof of service Ramos relies upon, fails on its face to show that AHMSI/Homeward was properly served with the summons and complaint.

By its terms, section 416.10 permits service on a corporation that is not a bank by way of: service on an individual or entity designated as an agent for service of process (§ 416.10, subd. (a)); service on one of the 11 officers or managers of the corporation specified in section 416.10, subdivision (b); service on a person authorized by the corporation to receive service (§ 416.10, subd. (c)); or service in a manner authorized by the Corporations Code (§ 416.10, subd. (d)).  In turn, section 415.20 permits substituted service on a person specified in section 416.10 by leaving the summons and complaint "*in his or her office* . . . with the person who is apparently in charge thereof."  (§ 415.20,

---

5       We recognize that in *Cruz v. Fagor America, Inc.*, *supra*, 146 Cal.App.4th at page 496, the court stated:  "We review de novo a trial court's determination that a judgment is void."  This statement is somewhat overly broad.  Trial court determinations based on review of the *face* of the judgment-roll set forth in section 670, subdivision (a) are subject to de novo review; however, we do not believe de novo review applies to other trial court determinations made on conflicting evidence outside the face of the judgment-roll specified in section 670, subdivision (a).  (See *Shamblin v. Brattain*, *supra*, 44 Cal.3d at p. 479; *Goya v. P.E.R.U. Enterprises*, *supra*, 87 Cal.App.3d at p. 891.)

subd. (a), italics added.)

While section 415.20, subdivision (a) permits substituted service on "the person to be served as specified in Section 416.10," where the proof of service fails to identify any such person, the proof of service is defective. As the court in *Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at pages 1435-1436 stated with respect analogous provisions of section 415.40: "[T]he distinction between a 'party' and a 'person to be served' on behalf of that party . . . is central to the statutory scheme governing service of process. 'The words "person to be served" are words of precision, used throughout the act, intended to refer to the "individual" to be served, and not to the "party." For example, reference is to the vice president of defendant corporation who is being served on behalf of the corporate defendant, and not to the corporate defendant.' [Citation.] *Since a corporate defendant can only be served through service on some individual person, the person to be served is always different from the corporation*." (Italics added & fn. omitted.)

Ramos does not assert that service was on the designated agent for service of process or on a person authorized to receive service, and he does not contend that service was accomplished in a manner authorized by the Corporations Code. More importantly, Ramos's proof of services does not identify any of the 11 other persons specified in section 416.10, subdivision (b)—officers or managers of the corporation—as the person served. Indeed, no individual is identified on the proof of service; rather, the only person identified on the proof of service is AHMSI/Homeward itself. The proof of service

8

further states that a copy of the summons and complaint were thereafter mailed, not to any individual, but to AHMSI/Homeward at its Irvine address. Because the face of Ramos's proof of service fails to identify any individual specified in section 416.10, subdivision (b) who was served on behalf of the corporation, on its face, the proof of service and, hence, the judgment-roll, show that the judgment is void for lack of proper service. (See *Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at pp. 1436, 1441.)

III

The facial defect in the judgment-roll is not the end of our inquiry. Because, as in *Dill v. Berquist Construction Co.*, "the proofs of service demonstrate that the copies of the summons were addressed solely to the corporations, rather than to any of the requisite persons to be served," AHMSI/Homeward was "not required to present any evidence in order to establish the invalidity of the service and the resulting lack of personal jurisdiction." (*Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at p. 1441, fn omitted.) Thus, the burden then fell on Ramos to show that, notwithstanding the facial defect in service, service nonetheless substantially complied with the requirements of the Code of Civil Procedure. (*Id.* at p. 1442.)

It is axiomatic that strict compliance with the code's provisions for service of process is not required. (*Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778; *Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at p. 1436; *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1391.) "Although some decisions

9

under pre-1969 statutes required strict and exact compliance with the statutory requirements [citation], the provisions of the new law, according to its draftsmen, 'are to be liberally construed. . . . As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: "The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court *if actual notice has been received by the defendant*, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint. . . ." The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings.' [Citation.]" (*Pasadena Medi-Center Associates v. Superior Court*, *supra*, at p. 778.) "Thus, substantial compliance is sufficient." (*Dill v. Berquist Construction Co.*, *supra*, at p. 1437.)

In general, substantial compliance with the code occurs when, although not properly identified in a proof of service, *the person to be served* in fact actually received the summons. (*Dill v. Berquist Construction Co.*, *supra*, 24 Cal.App.4th at p. 1437; see also *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 39-41.) "[W]hen the defendant is a corporation, the 'person to be served' is one of the individuals specified in section 416.10. Therefore, [plaintiff] could be held to have substantially complied with the statute if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served." (*Dill*

10

*v. Berquist Construction Co.*, *supra*, at p. 1437.) However, mere receipt of the summons by an unknown employee of the corporation who is not a person specified in section 416.10 does not necessarily establish substantial compliance. (*Id*. at pp. 1438-1439.) Evidence that shows the name of the person who received the summons and complaint as well as the person's title or capacity is required by statute (§ 417.10) and, without it, a trial court need not infer that a person specified in section 416.10 actually received the summons and complaint.

Here, Ramos did not provide the trial court with any evidence identifying the person to whom the summons and complaint was delivered in Irvine or other evidence from which it might be inferred a person specified in section 416.10 actually received the documents. According to a declaration submitted by AHSMI/Homeward, none of the officers or managers specified in section 416.10, subdivision (b) are located at its Irvine office and no employee there is authorized to receive process. AHSMI/Homeward's declaration further states that until it received notice that its bank account had been levied, it had no notice of Ramos's complaint. Given this record, which does not show that anyone specified in section 416.10 or otherwise authorized to receive service had actual notice of the summons and complaint, the trial court could properly conclude that Ramos failed to show he substantially complied with sections 416.10 and 415.20.

In sum, the record here shows both that on its face the judgment is void for lack of proper service and that Ramos did not otherwise show substantial compliance with the requirements for service on a corporation. Thus, the trial court did not err in vacating the

11

default and default judgment as void.

## IV

As we have noted, in the alternative, the trial court found that AHMSI/Homeward was entitled to discretionary relief from the judgment under section 473.5, subdivision (a), which permits relief from a default judgment if "service of a summons has not resulted in actual notice to a party in time to defend the action . . . ." Contrary to Ramos's argument, the trial court did not abuse its discretion in providing AHMSI/Homeward with relief under section 473.5.

In reviewing the court's grant of discretionary relief from default, we note: "It is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.] Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. [Citation.] In the present case, [defendant] promptly moved to have the default judgment set aside once he learned of it. The trial court's order granting relief was within its sound discretion and, in the absence of a clear showing of abuse of discretion, should not be disturbed. [Citations.]" (*Shamblin v. Brattain*, *supra*, 44 Cal.3d at p. 478.) "'"Even in a case where the showing . . . is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved *in favor of the application*."'" (*Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 898.)

12

We recognize that relief under section 473.5 is available only where the defendant's lack of actual notice "was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subd. (b).) Here, Ramos contends that AHSMI/Homeward failed to provide the Secretary of State with an agent for service of process and that it ignored the written and telephonic notice of the action his counsel provided to various employees of the corporation. Thus, Ramos contends any lack of actual notice was caused by AHSMI/Homeward's own inexcusable neglect.

The record does not support Ramos's contention that no agent for service of process was provided to the Secretary of State. AHSMI/Homeward provided a declaration and documentation which shows that AHSMI/Homeward provided the Secretary of State with an agent for service of process in 2007, well before Ramos initiated this litigation. Thus, on this record, the trial court could conclude that AHSMI/Homeward acted reasonably in providing California litigants with ready means of serving process on it.

With respect to the notice counsel provided to various AHSMI/Homeward employees, we note that none of them are the persons to be served specified in section 416.10 and there is no proof they were otherwise responsible for responding to litigation initiated in this state. For its part, AHSMI/Homeward provided a declaration which asserted that until it received the notice of levy from its bank, it had no notice of Ramos's complaint. The trial court could readily resolve this conflict in the evidence by concluding that the employees who were advised of the litigation by Ramos's counsel

13

assumed that, if a complaint had been properly served on the corporation, those responsible for responding to it would do so.  (See *Olvera v. Olvera*, *supra*, 232 Cal.App.3d at p. 41 [fragmentary knowledge of action not necessarily actual notice].)  At most, Ramos established excusable neglect on the part of AHSMI/Homeward's employee's.

In sum, the trial court could reasonably find that AHSMI/Homeward did not have actual notice of the summons and complaint and that its ignorance was not the result of any attempt to avoid service or inexcusable neglect.  Thus, we find no abuse of discretion in the alternative relief the trial court ordered under section 473.5.

## DISPOSITION

The order is affirmed.  AHSMI/Homeward to recover its costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


AARON, J.

14