Filed 3/30/15  Crestline Enterprises v. Motorcars West CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CRESTLINE ENTERPRISES, INC., | B256738 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC099645) |
| v. | |
| MOTORCARS WEST, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Frank J. Johnson, Judge.  Affirmed.

—————

Boren, Osher & Luftman, Jeremy J. Osher and Eugenia Castruccio Salamon for Plaintiff and Appellant.

Kolar & Associates, Elizabeth L. Kolar and Brook John Changala for Defendants and Respondents.

—————

Crestline Enterprises, Inc. filed a complaint against Motorcars West, LLC, dba the Auto Gallery, Motorcars West I, LLC and Motorcars West Realty (collectively, Motorcars West) alleging contract and tort causes of action in connection with its purchase of motor vehicles. After Motorcars West failed to answer the complaint, Crestline Enterprises obtained entry of default and default judgment of $35,827.48 in damages, interest, costs and attorney fees. Less than three months after the default judgment, Motorcars West moved to vacate the entry of default and default judgment under Code of Civil Procedure section 473.5.[1] The trial court granted the motion. Crestline Enterprises appeals, contending that the order granting the motion to vacate must be reversed because the evidence presented by Motorcars West did not meet the statutory requirements. We conclude the court acted within its discretion in granting the motion and thus affirm the order.

## DISCUSSION

"When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) The motion "shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. The party shall serve and file with the notice a copy of the answer, motion, or other pleading proposed to be filed in the action." (*Id.*, subd. (b).) "Upon a finding by the court that the motion was made within the period permitted . . . and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the

---

[1]     Statutory references are to the Code of Civil Procedure.

2

default or default judgment on whatever terms as may be just and allow the party to defend the action." (*Id.*, subd. (c).)

"In reviewing the [trial] court's grant of discretionary relief from default, we note: 'It is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.] Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. [Citation.] . . .' . . . ""'Even in a case where the showing . . . is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved *in favor of the application.*"" [Citation.]" (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1444; see also *Trujillo v. Trujillo* (1945) 71 Cal.App.2d 257, 260-261 ["where the evidence is conflicting, the [trial] court has a sound discretion to grant or deny [a] motion [to set aside a judgment], and in the absence of a clear showing of abuse of discretion, the order will not be interfered with on appeal"].)

At the hearing on the section 473.5 motion, the trial court expressed concern about whether the evidence presented by Motorcars West satisfied the statutory requirements to vacate the entry of default and default judgment and took the matter under submission, noting that the motion "[wa]s right on the edge" in terms of granting relief. The court later issued a minute order granting the motion. Given the sound policy of hearing cases on their merits, the granting of the motion was within the court's discretion.

Motorcars West presented evidence that it did not receive notice of the lawsuit until February 14, 2014, in conjunction with the service of a substitution of attorney in the case. Motorcars West, through counsel, contacted Crestline Enterprises on February 26, 2014, and asked it to stipulate to vacate the default and default judgment. Crestline Enterprises requested that it have until March 5, 2014 to respond as to the stipulation. Motorcars West agreed. Crestline Enterprises then attempted to execute on the judgment and obtained a writ of execution. Motorcars West obtained ex parte relief to stay execution and, on March 18, 2014, moved to vacate the entry of default and

3

default judgment. The motion was promptly filed under section 473.5—less than three months after the November 27, 2013, default judgment and about a month after Motorcars West maintained it had obtained notice of the lawsuit. (See § 473.5, subd. (a).) In conjunction with its motion, Motorcars West filed a proposed answer, asserting a general denial and numerous affirmative defenses; it also filed a proposed cross-complaint for breach of contract and fraud with supporting exhibits. (*Id*., subd. (b).) The trial court allowed Motorcars West to file both pleadings in conjunction with granting the motion to vacate.

With respect to actual notice, "'"[a]ctual notice" in section 473.5 "means genuine knowledge of the party litigant . . . ." [Citation.]' [Citation.] '"[A]ctual knowledge" has been strictly construed, with the aim of implementing the policy of liberally granting relief so that cases may be resolved on their merits. [Citation.]' [Citation.]" (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547.) Based on this liberality, even a defendant who has general knowledge of a lawsuit against it from some source, but lacks actual knowledge due to service of summons, may seek relief under section 473.5. (*Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 40.) Here, three people from Motorcars West—its owner, the operations director and the general sales manager—submitted declarations stating that they had not been served with the summons and complaint and did not know about the lawsuit until February 14, 2014. Crestline Enterprises submitted evidence in rebuttal, including a declaration from a process server, who stated that he had served the general sales manager, as well as a declaration from an employee in its former counsel's office attesting to the number of documents that had been served by mail to the Motorcars West location. Given the strict requirements for finding actual notice, the conflict in the evidence, and the liberality in granting motions to vacate even on very slight evidence, the trial court was within its discretion to impliedly conclude that Motorcars West did not have actual notice of the lawsuit in time to defend. (*Ramos v. Homeward Residential, Inc.*, *supra*, 223 Cal.App.4th at p. 1445 [trial court could resolve conflict in evidence to conclude lack of actual notice].)

The same is true as to the requirement that the lack of actual notice was not caused by avoidance of service or inexcusable neglect. Motorcars West presented evidence that it follows a policy and procedure for handling a summons and complaint for both acceptance and delivery to a company representative and then counsel and that it did not take any steps to avoid service of process. It also presented evidence that its files did not contain any of the documents claimed by Crestline Enterprises to have been served by mail to the Motorcars West location and that, as a result, it did not learn of the lawsuit through those documents and purposefully neglect to defend. Rather, upon receipt of the substitution of attorney, which alerted it to the lawsuit, it promptly contacted counsel for Crestline Enterprises and notified him that it was planning to move for relief from default and default judgment and requested a stipulation to that effect. Although Crestline Enterprises argued that Motorcars West did not provide a sufficient explanation to demonstrate a lack of inexcusable neglect, the trial court was within its discretion to resolve any doubts about the evidence in Motorcars West's favor. (*Rosenthal v. Garner* (1983) 142 Cal.App.3d 891, 898 [order denying request to vacate under § 473.5 reversed because doubt resolved in favor of defendant and plaintiffs' claims of prejudice lacked factual support].)[2]

---

[2] Crestline Enterprises did not argue that vacating the default and default judgment would cause it to suffer prejudice such that granting Motorcars West's motion and filing the proposed answer and proposed cross-complaint was not "just" within the meaning of section 473.5, subdivision (c).

## DISPOSITION

The order is affirmed.  Motorcars West is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

BENDIX, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6