Filed 1/7/16  Vega v. Johnson CA2/3
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARMENE M. VEGA, | B259703 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MQ010410) |
| v. | |
| PHILIP MARIO JOHNSON, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Robert J. Palazzolo, Temporary Judge.* Affirmed.

Charmene M. Vega, in pro. per., for Plaintiff and Appellant.

Philip Mario Johnson, in pro. per., for Defendant and Respondent.

_____

*          (Pursuant to Cal. Const., art. VI, § 21.)

## INTRODUCTION

On April 22, 2014, appellant Charmene M. Vega obtained a five-year domestic violence restraining order against respondent Philip Mario Johnson. Johnson successfully moved to set aside the restraining order under Code of Civil Procedure[1] section 473.5 because Vega failed to give him notice of the previously issued temporary restraining order and the April 22, 2014 hearing. Although the trial court granted Johnson's motion to set aside the five-year restraining order on July 31, 2014, it reissued a temporary restraining order against him and reset the matter for a new hearing. After conducting an evidentiary hearing on September 25, 2014, the court denied Vega's request on the merits, dissolved the temporary restraining order, and dismissed the case.

Vega filed a notice of appeal from the court's July 31, 2014 order setting aside the restraining order against Johnson, and the court's September 25, 2014 order denying her renewed request. However, she only addresses the July 31, 2014 set-aside order in her appellate briefs. Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Vega's March 2013 and October 2013 Requests

On March 4, 2013, Vega filed her first request for a restraining order against Johnson (Sup. Ct. Case No. MQ009463). The court issued a temporary restraining order and set the matter for a hearing. After both parties testified on March 27, 2013, the court dissolved the temporary restraining order and dismissed the case. The court noted that Vega had not met her burden of proof, and the case did not involve domestic violence issues.

On October 28, 2013, Vega filed her second request for a restraining order against Johnson (Sup. Court Case No. MQ010091). The court issued a temporary restraining order against Johnson and set the matter for a hearing. The hearing was continued several times and eventually scheduled for March 4, 2014. Meanwhile,

---

[1]     All undesignated statutory references are to the Code of Civil Procedure.

Vega's and Johnson's attorneys exchanged several emails and letters concerning her request for a restraining order and a separate civil lawsuit Vega had filed against Johnson. Through these communications, Johnson's attorney requested, and received, a courtesy copy of the temporary restraining order that had been issued by the court. On March 4, 2014, the court dismissed the case and dissolved the previously issued temporary restraining order after Vega failed to appear at the hearing.

### 2. Vega's March 11, 2014 Request

On March 11, 2014, Vega filed her third request for a restraining order (Sup. Court Case No. MQ010410), which is at issue in this appeal. Like it did before, the court issued a temporary restraining order against Johnson and then set a hearing on the merits. The court reissued the temporary restraining order and continued the hearing to late April 2014 because Vega had not served Johnson.

On April 22, 2014, the court conducted the hearing. Johnson did not appear at this hearing because he had not been served with Vega's papers or the temporary restraining order issued by the court. Vega's attorney told the court that he had tried to serve Johnson at an address in Pasadena that Johnson claimed was his residence, but which was actually a post-office box at a public storage facility. Vega's attorney also told the court that Johnson's attorney had accepted delivery of the temporary restraining order earlier that month.[2]

Based on the attorney's statements, the court found that Johnson had evaded personal service of the request and temporary restraining order and that his attorney had

---

[2] Vega's attorney did not state which temporary restraining order Johnson's attorney received -- i.e., the order issued after Vega filed her October 2013 request, which was dissolved on March 4, 2014, or the order issued after Vega filed her March 11, 2014 request, which was still in effect at the time of the April 22, 2014 hearing. Although the reporter's transcript from the April 22, 2014 hearing indicates that Vega's attorney submitted copies of the emails he exchanged with Johnson's attorney, the record does not contain copies of emails exchanged between Vega's and Johnson's attorneys in April 2014. Rather, the record contains copies of emails exchanged between January 14, 2014 and March 4, 2014, in which the attorneys discussed Vega's October 2013 request.

accepted service on his behalf. The court then issued a five-year restraining order against him.

### 3. Johnson's Motion to Set Aside the Restraining Order

On July 1, 2014, Johnson filed a motion to set aside the five-year restraining order under section 473.5. Johnson and his attorney filed affidavits claiming that Johnson did not receive Vega's papers or notice of the April 22, 2014 hearing until June 2014, when he was served with the restraining order. They also claimed Johnson did not evade service of the petition or receive actual notice of the petition through his attorney. They asserted that, at the April 22, 2014 hearing, Vega's attorney misrepresented that Johnson's attorney had received a copy of the petition prior to the hearing. Johnson's attorney acknowledged that he had received a courtesy copy of a temporary restraining order issued with respect to one of the first two requests, but he denied receiving any notice that Vega had filed a third request for a restraining order in March 2014. He claimed that neither he nor Johnson received any documents concerning the new request until after the court issued the five-year restraining order.

On July 31, 2014, the court held a hearing on Johnson's motion. In response to the court's questions about her attempts to personally serve Johnson with the March 11, 2014 papers, Vega submitted a declaration of due diligence showing that on April 16 and 19, 2014, a process server tried to serve Johnson at two different addresses, one in Palmdale and one in Santa Clarita. The process server stated he could not find Johnson at either address. Vega submitted no evidence that she took additional steps to serve Johnson before the hearing. In fact, she claimed that she could not serve Johnson because he never gave her his residential address.

The court found Johnson never received actual notice of Vega's most recent request before the April 22, 2014 hearing. The court also found Vega's attempts to serve Johnson with the petition before the April 22, 2014 hearing were insufficient to effectuate substituted service. The court then granted Johnson's motion, vacated the five-year restraining order against him, reissued a temporary restraining order, and set a new hearing.

4

On September 25, 2014, the court held a hearing on Vega's request, at which both parties appeared. Vega testified on her own behalf and introduced the testimony of another witness along with several exhibits. The court denied Vega's request for a five-year restraining order on the merits, finding that the request did not involve issues of domestic violence. The court then dissolved the temporary restraining order and dismissed Vega's case.

## DISCUSSION

Vega's sole contention on appeal is that the trial court erred in granting Johnson's motion to set aside the five-year restraining order. She does not challenge the court's ruling denying her request on the merits after Johnson successfully moved to set aside the restraining order. We conclude the court did not abuse its discretion in granting Johnson's motion.

Under section 473.5, a defendant may move to set aside a default judgment "[w]hen service of a summons has not resulted in actual notice to [him] in time to defend the action." (§ 473.5, subd. (a).) The motion must be accompanied by an affidavit showing that the defendant's failure to receive actual notice of the action was not caused by his avoidance of service or inexcusable neglect. (§ 473.5, subd. (b).) The motion must be served and filed within a reasonable time, but it cannot be served and filed later than the earlier of two years after entry of judgment or 180 days after service of written notice of entry of judgment. (§ 473.5, subd. (a).) If the defendant satisfies these requirements and the court finds the defendant's failure to receive notice was not caused by his avoidance or inexcusable neglect, the court has discretion to set aside the judgment and grant the defendant leave to defend the action on its merits. (§ 473.5, subd. (c).)

We review the trial court's order granting a motion to set aside a default judgment under section 473.5 for abuse of discretion. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1444.) In doing so, "we note: 'It is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the

5

merits than when the default judgment is allowed to stand. . . . Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. [Citations.] . . . . ' " (*Ibid*.) " ' " 'Even in a case where the showing . . . is not strong, or where there is any doubt as to setting aside of a default, such doubt should be resolved *in favor of the application*.' " ' [Citation.]" (*Ibid*., italics in original.)

The court did not abuse its discretion in finding Johnson did not receive actual notice of Vega's March 11, 2014 request and temporary restraining order before the April 22, 2014 hearing. It reviewed Johnson's and Johnson's attorney's affidavits in which they explained that Johnson never received any notice that Vega had filed a new petition in March 2014 until after the April 22, 2014 hearing. Johnson's attorney also explained that he did not accept service of Vega's papers on Johnson's behalf because he never received courtesy copies of the petition or the accompanying temporary restraining order from Vega's attorney. Rather, he had only received courtesy copies of the petition and temporary restraining order in one of the prior requests Vega had filed against Johnson.

Vega disputes Johnson's claim that his attorney did not receive courtesy copies of the March 11, 2014 petition and temporary restraining order before the April 22, 2014 hearing. As her opposition to Johnson's motion shows, however, Vega mistakes which petition and restraining order Johnson's attorney received. Vega relies on the emails and letters Johnson's and Vega's attorneys exchanged between January and early March 3, 2014 to argue that Johnson's attorney received notice of the underlying action. However, all of those emails were exchanged before March 11, 2014. Accordingly, they do not establish that Johnson's attorney received notice of the petition filed on March 11, 2014. Vega produced no evidence that she or her attorney contacted Johnson or his attorney between the time she filed her third petition on March 11, 2014, and the hearing on April 22, 2014.

We also find that the court did not abuse its discretion in finding Vega failed to serve Johnson through substituted service. If a petitioner cannot with reasonable

6

diligence personally serve a defendant with a copy of the pleading and summons, section 415.20 "authorizes substituted service by leaving a copy with a competent adult at the defendant's residence or workplace, followed by sending the documents by first class mail addressed to defendant at the residence or workplace where the documents were delivered." (*Board of Trustees of the Leland Stanford Junior University v. Ham* (2013) 216 Cal.App.4th 330, 337, fn. omitted.) Alternatively, "service by mail is [permissible] if the statutory criteria are met: the plaintiff must send the summons and complaint together with a form notice and acknowledgment of receipt. Service is complete on the date the recipient signs the acknowledgment of receipt." (*Id.* at p. 337.)

At the hearing on Johnson's motion to set aside the restraining order, Vega submitted declarations of due diligence showing that a process server tried to personally serve Johnson at two different locations on April 16 and 19, 2014. The process server stated that he could not find Johnson at one of the addresses, and that he knocked and received no answer at the other address. However, the process server did not state if he left copies of the March 11, 2014 papers or the temporary restraining order with a competent adult at either address, or if he mailed copies of these documents to Johnson at any address used by him. (See *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 546 ["The plain language of section 415.20, subdivision (b) authorizes substitute service at a defendant's usual mailing address, which includes a private/commercial post office box."]) Since there was no evidence before the court that Vega's process server left or mailed copies of the March 11, 2014 papers after attempting to serve Johnson, substituted service on Johnson was never completed. Accordingly, the court did not abuse its discretion in granting Johnson's motion to set aside the five-year restraining order.

7

## DISPOSITION

The order granting Johnson's motion to set aside the restraining order is affirmed.  Johnson is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.