Filed 8/20/24  The Price Reit v. Poke-Ria CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PRICE REIT, INC., | G063286 |
| Plaintiff and Respondent, | (Super. Ct. No. RIC2004172) |
| v. | O P I N I O N |
| POKE-RIA, INC., et al., |  |
| Defendants and Appellants. |  |

Appeal from a judgment of the Superior Court of Riverside County, Irma Poole Asberry, Judge. Affirmed.

Jorn S. Rossi for Defendants and Appellants.

Blackmar, Principe & Schmelter and Kevin A. Kachman for Plaintiff and Respondent.

In this appeal from a default judgment, Poke-Ria, Inc. (the company), Hussam H. Joher, and Chade M. Joher[1] (collectively defendants) challenge the trial court's order denying their motion to set aside defaults entered against them. Defendants contend that the court "misunderstood the evidence" and its "judgment is void for lack of proper service, a failure to show substantial compliance [with service of process statutes], [a] false return of summons, and a failure to show actual notice to a party in time to defend the action."

Defendants have failed to demonstrate a ground for reversal. We affirm the judgment.

STATEMENT OF FACTS

The Price Reit, Inc. (plaintiff) filed the underlying lawsuit in October 2020. Plaintiff filed a proof of personal service of summons asserting Hussam had been served in November 2020 in Orange County. Hussam would later claim that on the same day as the purported service, he had been "over 600 miles away" as proved by a picture of a rainbow he purportedly took with a cell phone.

In December 2021, Chade was added as a defendant through a first amended complaint. Subsequently, plaintiff filed three proofs of service asserting that substitute services of summonses and the first amended complaint were completed for all of the defendants in January and February 2022.

_____

[1] We will refer to the individuals by their first name because they share a surname.

2

In February 2022, plaintiff requested Chade's default be entered, and the trial court clerk granted the request the same day. Also that day, plaintiff mailed to defendants copies of its request for entry of default.[2]

As to Hussam and the company, on April 11, 2022, plaintiff requested entry of defaults against them (collectively the April 2022 default requests). The clerk granted the requests the following day and plaintiff mailed to defendants copies of those requests.

In June 2022, plaintiff submitted an application for default judgment. On October 17, 2022, 188 days after the copies of the April 2022 default requests were mailed to defendants, they jointly filed a motion to set aside the entries of defaults against them.

A hearing on the motion was initially set for January 2023, but the trial court accepted a belated reply brief and continued the hearing for further briefing. Hussam subsequently filed a declaration presenting his photo of a rainbow, and plaintiff filed a supplemental opposition that included two additional declarations and over 20 exhibits. As addressed in our concluding paragraphs below, defendants do not discuss the supplemental filings.

In February 2023, the trial court denied defendants' motion. Among other issues, the court concluded defendants' request for relief based on Code of Civil Procedure section 473, subdivision (b)[3] was time-barred.

---

[2] All mailings discussed in this opinion involved California addresses.

[3] All further statutory references are to the Code of Civil Procedure.

On Chade's specific challenge to plaintiff's proof of service, the trial court found "his credibility was brought into question and his contention of improper service was controverted by further evidence provided by [plaintiff] with its supplemental opposition." On Hussam's challenge, the court found he had not met his burden of proof, explaining: "Not only were the summons and [first amended complaint] properly served . . . , the original [c]omplaint was served by way of personal service upon Hussam, negating any contention of lack of actual notice." As to the company's challenge, the court found the company's agent for service, Hussam, had been validly substitute-served through a "'Jane Doe'" who had been "'[a]uthorized to [a]ccept [s]ervice.'"

Subsequently, in April 2023, the trial court entered judgment against defendants in an amount exceeding $193,000, including attorney fees and costs. Defendants timely appealed.

DISCUSSION

Defendants contend they should prevail on appeal based on two statutes: sections 473, subdivision (d), and 473.5. To all of their contentions we apply "three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error. [Citations.]" (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

The above three principles dovetail with another: it is an appellant's duty to demonstrate a miscarriage of justice through adequate analysis and citation to the record. (Cal. Const., art. VI, § 13; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellate burden of persuasion]; Cal. Rules of Court, rule 8 .204(a) [contents of appellate briefs]; see *Cahill v.*

*San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'The absence of cogent legal argument . . . allows this court to treat the contention as waived'"].)

## I.

## STANDARD OF REVIEW

For relief sought based on section 473, subdivision (d), which imposes no time limit for attacking a judgment, our review is de novo. (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 181-182.) For section 473.5, in contrast, we review for abuse of discretion. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907.)

"The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason. [Citation.] In applying the abuse of discretion standard, the reviewing court measures the evidence presented to the trial court against the range of options permitted by the established legal criteria. [Citation.] The scope of the trial court's discretion is limited by the governing law, and an action that ""transgresses the confines of the applicable principles of law"" constitutes an abuse of discretion. [Citation.]" (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789.) In our constituent review for substantial evidence on factual issues (*ibid.*), we incorporate the law's policy of favoring dispositions on their merits (see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 [careful scrutiny of order denying section 473 relief]).

## II.

### ANALYSIS

*A. Section 473, subdivision (d)*[4]

For the first statutory ground defendants claim for relief, voidness, a defect in service of process must be apparent by the face of the "judgment roll," as defined by section 670. In *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434 (*Ramos*), which defendants cite without analysis, the appellate court affirmed a trial court ruling that a substitute service was facially defective, and therefore void, because "the proof of service fail[ed] to identify any such person" enumerated by section 416.10 and 415.20, the same statutes plaintiff relied on in this matter.[5] (*Id.* at pp. 1438, 1440, 1441-1442.)

---

[4] Section 473, subdivision (d) states: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

[5] As relevant both in that case and here: "By its terms, section 416.10 permits service on a corporation that is not a bank by way of service on an individual or entity designated as an agent for service of process [citation]; service on one of the 11 officers or managers of the corporation specified in section 416.10, subdivision (b); service on a person authorized by the corporation to receive service [citation]; or service in a manner authorized by the Corporations Code [citation]. In turn, section 415.20 permits substituted service on a person specified in section 416.10 by leaving the summons and complaint '*in his or her office . . .* with the person who is apparently in charge thereof.' [Citation.]" (*Ramos, supra*, 223 Cal.App.4th at p. 1441; see 415.20, subdivision (b) [reasonable diligence requirement for substitute service].)

In *Ramos*, both the trial and appellate courts concluded that a facially defective service of summons had been demonstrated. The appellate court explained: "Ramos's proof of service [did] not identify any of the 11 other persons specified in section 416.10, subdivision (b)—officers or managers of the corporation—as the person served.[6] Indeed, no individual [was] identified on the proof of service; rather, the only person identified on the proof of service [was the defendant corporation] itself. The proof of service further state[d] that a copy of the summons and complaint was thereafter mailed, not to any individual, but to [the corporation-defendant] . . . . Because the face of Ramos's proof of service fail[ed] to identify any individual specified in section 416.10, subdivision (b) who was served on behalf of the corporation, the proof of service and, hence, the judgment roll, show[ed] that the judgment [was] void for lack of proper service. [Citation.]" (*Ramos, supra*, 223 Cal.App.4th at p. 1442.) After further concluding that the facts presented "did not otherwise show substantial compliance with the requirements for service on a corporation," the appellate court affirmed the trial court's voidness finding. (*Id*. at pp. 1443-1444.)

Through contrast, the facts in *Ramos* support a conclusion that no voidness has been shown here. For example, Hussam was identified as the registered agent for the company and a "'Jane Doe'" was identified as an individual "[a]uthorized to [a]ccept" substitute services. Given defendants' failure to provide any meaningful analysis of *Ramos* or otherwise show a

---

[6] The statute's enumerated individuals are: "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." (§ 416.10, subd. (b).)

facial defect, our presumption of sufficiently valid service supporting the judgment controls. (*Fladeboe v. American Isuzu Motors Inc., supra*, 150 Cal.App.4th at p. 58.) Defendants have not shown entitlement to relief based on section 473, subdivision (d).

*B. Section 473.5*[7]

Defendants' second ground for reversal, section 473.5, required them to show the trial court that (1) they did not receive timely actual notice of service of a summons and (2) the lack of notice was not caused by avoidance of service or inexcusable neglect. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 885; Evid. Code, § 500.) For the reasons discussed below, defendants' arguments fail based on inadequate briefing.

---

[7] Section 473.5 states: "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered. [¶] (b) A notice of motion to set aside a default or default judgment and for leave to defend the action shall designate as the time for making the motion a date prescribed by subdivision (b) of Section 1005, and it shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. The party shall serve and file with the notice a copy of the answer, motion, or other pleading proposed to be filed in the action. [¶]  (c) Upon a finding by the court that the motion was made within the period permitted by subdivision (a) and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action."

Defendants claim both errors of law and errors of fact to support their position. For example, they argue the governing service of process statutes were not substantially complied with because "'Jane Doe'" did not qualify as a person who could receive substitute service. In the trial court, they claimed "there is no 'Jane Doe' manager to have been served. [The company] never operated a business there. The only females there at that time worked for [a] nightclub corporation as waitresses and as stated the place was closed on the dates the service process document states the service was made."

Defendants inaccurately summarize a governing statute by characterizing it as follows: "'A summon[s] may be served on a corporation by delivering a copy of the summons and complaint . . . to a person designated as agent of service of process [(§ 416.10, subd. (a)),] its president, chief executive office[r], or other head of the corporation [(§ 416.10, subd. (b))].'" The characterization is inaccurate because defendants omit the subdivision's listing of the following additional individuals: "a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, *a general manager, or a person authorized by the corporation to receive service of process*." (§ 416.10, subd. (b), italics added.)

Defendants' briefing has forfeited their position on plaintiff's argument that "'Jane Doe'" qualified under section 473.5, subdivision (b), as either a general manager or other person authorized to accept service of process (see *Johnson v. English* (1931) 113 Cal.App. 676, 677 ["[a]ppellant, by failing to file a reply brief, concedes that respondent's position is unassailable"]), a theory consistent with well-established case law (see, e.g., *Trackman v. Kenney, supra*, 187 Cal.App.4th at pp. 178-179 ["Although the use of a fictitious name may at times be risky, leading to a successful

9

*evidentiary* challenge to service, it does not make a proof of service void on its face"]).

Defendants also argue Hussam's rainbow photo was "undisputed [and] not contradicted," and therefore supports an indisputable conclusion that the trial court erred as a matter of law about whether Hussam was served with plaintiff's original complaint. Strength of evidence aside, the record is undisputed that the photo was only relevant to the purported 2020 service of the original complaint on Hussam. Accordingly, without deciding whether the court impliedly found the photo insufficient to establish an invalid service in 2020, the point cannot resolve the possibility that Hussam was subsequently served (validly) with plaintiff's first amended complaint in 2022.

The selective nature of defendants' briefing prevents them from carrying their burden on appeal. For example, there is not one sentence in defendants' briefing allocated to the "supplemental opposition" that plaintiff filed in the trial court. As noted, the court explicitly relied on the contents of the filing to decide the myriad factual disputes that were presented. "It is the exclusive function of the trier of fact to assess the credibility of witnesses and draw reasonable inferences from the evidence. [Citations.]" (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 330.)

Accordingly, even where an appeal involves the policy of favoring dispositions on their merits (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 980), when the appeal rests on an evidence insufficiency argument, as it does here, an appellant has the duty to discuss all of the material evidence that was presented to the trier of fact (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658 [appellant's "burden to provide a fair summary of the evidence

10

'grows with the complexity of the record'"]). Given that defendants have failed to do so, their appeal fails on inadequate briefing. Because defendants have forfeited their evidence insufficiency argument (*Chicago Title Ins. Co. v. AMZ Ins. Services Inc.* (2010) 188 Cal.App.4th 401, 415-416), we need not consider their remaining arguments like their claim of having meritorious defenses to plaintiff's substantive allegations.

DISPOSITION

The judgment is affirmed. Plaintiff shall recover its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.


11