Filed 10/29/24  Etame v. Ermel CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| MARTIAL ETAME,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>WOLFRAM ERMEL,<br><br>      Defendant and Appellant. | B331773<br><br>(Los Angeles County<br>Super. Ct. No. BC679337) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Yolanda Orozco, Judge.  Affirmed.

Law Offices of Nathan Mubasher and Nathan Mubasher for Defendant and Appellant.

Martial Etame, in pro. per., for Plaintiff and Respondent.

_____

This is defendant and appellant Wolfram Ermel's second appeal from a default judgment entered in favor of plaintiff and respondent Martial Etame. In the prior appeal, Ermel challenged the trial court's denial of his motion to set aside and vacate the default judgment. The reviewing court found Ermel failed to file a timely appeal and had not otherwise demonstrated error. (*Etame v. Ermel* (Feb. 9, 2021, B303939) [nonpub. opn.] (*Etame I*).)

After the first appeal was dismissed, Ermel moved again to set aside the default and vacate the default judgment, arguing the judgment was void on its face. The trial court denied the motion again, and Ermel appealed again.

Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    *Etame I***

The following procedural and factual background information is taken from our prior opinion in *Etame I*.[1]

"On October 12, 2017, . . . Etame filed a complaint against Ermel alleging causes of action for breach of contract, fraud, and conversion. The complaint alleged Ermel and Etame formed a business buying, selling, and restoring cars but the friends had a falling out in August 2017. Etame alleged Ermel then unlawfully converted five cars owned by Etame that were stored on Ermel's property. Both Etame and Ermel were self-represented. Ermel

_____

[1]    Etame requested judicial notice of the record and opinion filed in *Etame I*, as well as our order denying Ermel's petition for rehearing and our Supreme Court's order denying Ermel's petition for review. We deferred ruling on Etame's request, and now grant it. (See Evid. Code, § 452, subd. (d).)

filed a responsive pleading to the complaint on November 22, 2017, but thereafter failed to appear for a case management conference and two order to show cause hearings without excuse. As a result, the trial court struck his answer on October 30, 2018." (*Etame I, supra*, B303939.)

"The court entered default against Ermel on January 28, 2019, but denied Etame's application for default judgment because he failed to properly plead specific damages. The order specified the default would be effectively vacated if an amended complaint were to be filed because it would allow Ermel an opportunity to submit a responsive pleading. Etame filed a first amended complaint alleging a cause of action for fraud and specifying damages of $380,000. Ermel failed to respond and a default was entered on the first amended complaint. Etame's subsequent application for default judgment proved damages totaling $342,000 for the value of the cars and parts in Ermel's possession. On June 17, 2019, the trial court entered a default judgment against Ermel for $342,000." (*Etame I, supra*, B303939.)

"On November 6 and 18, 2019, Ermel filed two sets of papers to set aside or vacate the default judgment. Etame opposed. The trial court observed the papers filed by Ermel were disorganized and confusing, clearly violated the length requirements set out in rule 3.1113 of the California Rules of Court, contained numerous extraneous requests, and were interspersed with irrelevant evidence, commentary, and statutes. Noting that parsing the papers for properly raised evidence and arguments was 'beyond what the [c]ourt is obligated to do,' the trial court nevertheless provided a thorough analysis of the issues raised by Ermel in a five-page, single-spaced order. After

an extensive review of the proceedings, the trial court found Ermel 'clearly had notice of the suit and the hearings that led to his dismissal, and simply chose to stop participating in misguided protest.' Further, Ermel filed the motion to vacate over five months after the default was taken. He provided no explanation for the delay. The trial court concluded there was no basis on which Ermel could obtain relief from default. On January 10, 2020, it denied the motion to vacate, and Ermel appealed on January 23, 2020." (*Etame I*, *supra*, B303939.)

The *Etame I* court dismissed Ermel's appeal as untimely because his notice of appeal was filed over a month after the deadline. (*Etame I*, *supra*, B303939.) Nevertheless, the *Etame I* court also found that Ermel had otherwise failed to demonstrate reversible error. (*Ibid*.) "[W]e cannot discern from Ermel's lengthy opening brief any cogent argument related to the order denying the motion to vacate. It appears the bulk of his brief is devoted to refuting the damages claimed by Etame, arguing extraneous points, and summarizing the proceedings contained in the three-volume clerk's transcript. We thus treat Ermel's arguments, such as they are, as waived." (*Ibid*.)

## II. Ermel's current motion and the trial court's denial

On remand, Ermel retained counsel and filed another motion to set aside and vacate the default judgment as void on its face. The primary issue raised by Ermel was that the default judgment previously rendered against him was void for lack of jurisdiction. Ermel also argued the trial court failed to obtain jurisdiction of him because he never made a general appearance, and because Etame did not properly serve the first amended complaint (FAC) and summons upon him. Additionally, Ermel

4

argued the FAC is invalid because Etame filed it without leave of the court in violation of California Rules of Court, rule 3.1324.

The trial court denied the motion. It found Ermel was served with the original complaint and made a general appearance in the case. It cited to Ermel's filings challenging the merits of the underlying judgment and noted Ermel made general appearances on November 6, 2019, and November 18, 2019. Further, because service of the original complaint was proper, Ermel had notice of the case, Etame did not need to serve a second summons for the trial court to obtain jurisdiction over Ermel. With respect to whether Etame failed to comply with California Rules of Court, rule 3.1324, the trial court found no authority for Ermel's argument that the FAC was inherently invalid and the judgment is void for a failure to comply with rule 3.1324.

Etame appealed.

## DISCUSSION

Ermel argues the trial court erred in denying his motion on several grounds. First, he argues the default judgment must be set aside because the factual basis for Etame's allegations were fraudulent. Second, Ermel argues the record shows he was never served with the FAC and therefore the judgment is void. Third, Ermel argues his current challenge to the default judgment is not barred by res judicata.

## I.    Governing law and standard of review

A "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable

5

neglect." (Code Civ. Proc.,[2] § 473, subd. (b).) "Where, as here, a motion to vacate is made more than six months after entry of a judgment, a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face. [Citations.] ' "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." ' " (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440 (*Ramos*).) "This inquiry, however, 'does not hinge on evidence: A void judgment's invalidity appears on the *face of the record.*' " (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 (*Kremerman*), italics in original.) "A judgment 'is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence.' [Citation.] When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' [Citation.] If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order/judgment is not void on its face." (*Ibid*.)

"Because any defect in service must appear on the face of the judgment roll . . . , our review of a trial court's order finding such a facial defect is of necessity de novo." (*Ramos*, *supra*, 223 Cal.App.4th at p. 1440.)

## II. Ermel's challenge to the sufficiency of allegations

Ermel's first argument on appeal is a challenge to the underlying allegations of Etame's pleading. He asserts the

---

[2] All further undesignated statutory references are to the Code of Civil Procedure.

allegations that Etame owned certain vehicles are "a patent lie" and that an "evidentiary hearing" would "set the record straight." Ermel has even gone so far as to attach potential exhibits to his opening brief. Thus, Ermel's challenge to the validity of the default judgment is merely an attempt to discredit the underlying allegations, and is based entirely on extrinsic evidence. Because Ermel's argument relies entirely on extrinsic evidence, it is insufficient to show the judgment is void on its face. (*Kremerman*, *supra*, 71 Cal.App.5th at p. 370.)

### III. Ermel's argument that he was not served with the FAC and other challenges to the proof of service

Ermel next argues the judgment was void because he was not served with the FAC. He asserts that various proofs of service were fraudulent because he was out of the country when service was effected and, in one instance, service was effected upon "a random non-Defendant, Daniel Yosef" at the wrong address.

With respect to Ermel's contention that he was out of the country when service was effected, this argument fails for the same reasons as his challenge to the underlying allegations. It requires consideration of extrinsic evidence, here, Ermel's declaration stating he was out of the country between certain dates. Therefore, it is insufficient to show the judgment is void on its face. (*Kremerman*, *supra*, 71 Cal.App.5th at p. 370.)

Ermel also argues that the default judgment is void because he was never served with the first amended complaint. Specifically, Ermel directs us to the case register, which shows Etame filed a proof of personal service the same day he filed the first amended complaint and then filed a proof of service by mail several weeks later. With respect to the proof of personal service,

7

Ermel argues it must be fraudulent since the case register shows the proof of service was filed before the filing of the first amended complaint. With respect to the proof of service by mail, Ermel argues it was mailed to the wrong person at the wrong address. We are not persuaded either argument requires reversal here.

Assuming personal service was not effected here, because Ermel had already made an appearance in the action, Etame was permitted to serve the first amended complaint by mail. (See *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d. 436, 441 ["[S]ervice of an amended complaint by mail under Code of Civil Procedure section 1012 is sufficient where the defendant has made an appearance in the action"].) Regarding whether the amended complaint was mailed to the wrong person at the wrong address, Ermel has not cited any evidence in support of this assertion other than his own declaration in support of his motion to vacate the default and the case register, which contains no information on who was served. As such, Ermel has not demonstrated that he was not validly served with the FAC such that the default judgment is void.

Having found Ermel has not met his burden to demonstrate error, we do not consider his third argument—whether or not res judicata applies.[3]

---

[3] Etame also filed a motion to dismiss the appeal on the grounds Ermel's arguments were already decided by the prior appeal. While it is true some of Etame's arguments may have overlapped, the motion to vacate and set aside the default judgment here was based on a different standard than in the prior appeal. Now, having decided the current appeal on the merits, we deny Etame's motion to dismiss.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.


VIRAMONTES, J.


WE CONCUR:


GRIMES, Acting P. J.


WILEY, J.