Filed 1/25/16  East West Bank v. Adri CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| EAST WEST BANK, | B260963 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC511295) |
| v. | |
| MOSHE ADRI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed.

Jacques Tushinsky-Fox; Moshe Adri, in pro. per., for Defendant and Appellant.

Jung & Yuen, Curtis C. Jung, Clifford P. Jung, and Elizabeth A. Frye, for Plaintiff and Respondent.

————————————

Moshe Adri appeals from an order denying his motion to vacate default and default judgment. Adri asserts, as he did in the trial court, that he was never personally served with a summons and complaint and had no actual notice of the lawsuit filed by East West Bank to recover on his guaranty of a commercial loan of $4.3 million until approximately six months after the default judgment had been entered.[1] We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Events Leading to the Default Judgment*

In May 2007 United Commercial Bank entered into a commercial loan agreement for $4.3 million with VNB, LLC, a California limited liability company owned by Adri and his wife, Deborah Adri. As collateral for repayment of the loan, VNB provided a security interest in all its assets, perfected by the filing of a UCC-1 financing statement, and a deed of trust and assignment of rents for real property located in Van Nuys. In addition, Adri and his wife each executed and delivered to United Commercial Bank a separate personal guaranty. In November 2009 East West Bank acquired the underlying promissory note and security interests from the Federal Deposit Insurance Company, acting as receiver for United Commercial Bank.

VNB defaulted on the loan agreement and in March 2013 filed a Chapter 11 bankruptcy petition. Following the default, East West Bank demanded Adri pay the entire outstanding balance due, slightly more than $4 million. Adri failed to respond to the demand. Adri had filed his own bankruptcy petition under Chapter 7 in August 2012, which was dismissed when Adri failed to appear. He filed another Chapter 7 petition in December 2012. The automatic stay with regard to Adri's second Chapter 7 bankruptcy proceeding terminated by operation of law on January 11, 2013. (See 11 U.S.C. § 362(c)(3)(A).)

East West Bank sued Adri for breach of the guaranty agreement and related claims on June 6, 2013. It filed a proof of service indicating Adri had been served by substituted

---

[1]     Adri was represented by counsel in the trial court and at oral argument in this court. Prior to oral argument he represented himself in this appeal.

service on June 13, 2013.  Adri did not respond to the complaint.  Adri's default was entered on July 31, 2013.  On September 30, 2013, based on its consideration of written declarations submitted by East West Bank, the court entered a default judgment against Adri for $4,455,976.85, which included damages (the outstanding balance on the loan), prejudgment interest, costs and attorney fees.

2. *Adri's Motion To Vacate Default and Default Judgment*

On May 5, 2014 Adri, represented by counsel, moved to vacate the default and default judgment pursuant to Code of Civil Procedure section 473.5.[2]  Adri asserted he had not been served personally with the summons and complaint in the action and did not receive notice of the default or default judgment until approximately March 21, 2014 at which point he retained counsel "as soon as practicably possible."  Adri's supporting declaration stated, "Had I been served or received notice of this action prior to receipt of notice of default and notice of judgment in this action, I certainly would have appeared in this action."  A proposed answer to the complaint was attached to the motion.

In its opposition to Adri's motion East West Bank explained Adri had been served by substituted service in accordance with section 415.20.  The opposition attached a conformed copy of the proof of service of summons and complaint executed by David Hernandez of A Plus Legal Service, filed on June 18, 2013.  In the proof of service Hernandez declared that on June 13, 2013 he had served copies of the documents on a 40-to-45-year-old John Doe occupant at 13602 Valley Vista Boulevard, Sherman Oaks, who had refused to give his name[3] and had thereafter mailed copies of the documents to Adri at the same address. The accompanying affidavit of due diligence by Hernandez reflected four earlier attempts to serve the summons and complaint on Adri at the Valley

---

[2]    Statutory references are to this code unless otherwise indicated.

[3]    In a declaration filed with East West Bank's supplemental opposition to the motion to vacate default and default judgment, Hernandez stated the person who answered the door on June 13, 2013 confirmed that Adri lived at that address and accepted the complaint.

Vista Boulevard address. Adri acknowledged at his judgment debtor examination on May 16, 2014, a copy of which was included with East West Bank's opposition papers, that 13602 Valley Vista Boulevard had been his home address for approximately three years.

East West Bank's opposition papers included conformed copies of its requests for entry of default and for entry of default judgment. Both documents included proofs of service by first class mail to Adri at the Valley Vista Boulevard address. The opposition also attached a copy of one of Adri's filings in his bankruptcy proceeding, dated July 24, 2013, in which his bankruptcy counsel acknowledged the "pending litigation by [East West] Bank . . . based on a Guaranty executed by the Debtor in connection with the VNB Property in Van Nuys which is in its own bankruptcy and controlled by Deborah Adri."

In a reply memorandum and declaration Adri again stated he had not been personally served, explained the person identified in Hernandez's proof of service could not have been Adri (who described himself as older and taller than the man Hernandez had described) and asserted "the only man that lives in my residence is me." Adri also insisted his counsel in the bankruptcy proceeding had never informed him about the litigation.

Following argument on November 24, 2014 the court denied Adri's motion, deeming its tentative ruling the order of the court. The court found the requirements for relief under section 473.5—specifically lack of actual notice of the lawsuit in time to defend the action—had not been met, explaining, "[Adri] does not say that the address where the documents were served was not his home address. [Adri] also only states that he was never 'personally served'; however, the proof of service states that he was served by substituted service. . . . The motion provides no actual information to the court to show that the lack of actual notice was not caused by [Adri's] avoidance of service or inexcusable neglect. Further, as [East West Bank] points out, [Adri] was aware of this action since at least July 2013."

4

Adri filed a timely notice of appeal from the postjudgment order denying his motion to vacate the default and default judgment.[4]

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 473.5 authorizes the trial court to provide relief from a default or default judgment for lack of actual notice.  Section 473.5, subdivision (a), provides, "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action."  The provision requires the defaulting party to serve and file the notice of motion within a reasonable time but no later than two years after entry of the default judgment or 180 days after service of a written notice of entry of the default or default judgment, whichever is earlier.[5]  Section 473.5, subdivision (b),

---

[4]   On June 25, 2015 East West Bank moved to dismiss the appeal as untimely, arguing the time to appeal from the default judgment entered on September 30, 2013 had expired long before Adri filed his notice of appeal on December 29, 2014 and the prescribed time was not extended by his motion to vacate the default and default judgment.  We denied the motion on July 14, 2015, explaining in a written order the appeal was from the November 24, 2014 order denying the motion to vacate the default and default judgment, an appealable postjudgment order, and was timely.  (The notice of appeal clearly indicates it is from an order after judgment pursuant to section 904.1, subdivision (a)(2), and not from the judgment itself.)  Nonetheless, in its respondent's brief, filed more than six weeks after our order denying its motion to dismiss, East West Bank devotes several pages to arguing this court lacks jurisdiction to consider the appeal because Adri did not file a timely notice of appeal from the September 30, 2013 judgment.  Inflating a brief by repetition of an argument we have expressly rejected needlessly burdens this court and its staff and is, to the say the least, ineffective appellate advocacy.

[5]   In connection with its misplaced argument that Adri's appeal is untimely, East West Bank asserts the motion to vacate default and default judgment was not timely because it was filed 217 days after entry of the default judgment.  However, the 180-day period, unlike the two-year time limit, runs from the date of service of a notice of entry of the default judgment, not from the entry of the judgment itself.  (§ 473.5, subd. (a).)  Although East West Bank's requests for entry of the default and the default judgment

5

further requires the moving party to provide "an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." When these conditions are met, the trial court "may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5, subd. (c).)

Section 473, subdivision (d), grants the trial court discretion to "set aside any void judgment or order," including an order that is void due to improper service. There is no time limit to attack a judgment void on its face (see *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 19), but a judgment is void on its face only when the invalidity is apparent from an inspection of the judgment roll. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440; *Dill v. Berquist Construction Co*. (1994) 24 Cal.App.4th 1426, 1441.)[6] When a judgment is valid on its face but void due to improper service, the deadline for moving for relief under section 473, subdivision (d), is the same as the deadline under section 473.5, subdivision (a), for lack of actual notice. (See *Gibble v. Car-Lene Research, Inc*. (1998) 67 Cal.App.4th 295, 301, fn. 3; *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1124.)

The trial court's determination whether a judgment is void on its face is reviewed de novo. (*Ramos v. Homeward Residential, Inc., supra*, 223 Cal.App.4th at p. 1441; see *Cruz v. Fagor America, Inc*. (2007) 146 Cal.App.4th 488, 496.) The determination whether a judgment is void based on conflicting evidence outside the face of the judgment roll pursuant to section 473, subdivision (d), or whether the defendant had

included proofs of service on Adri at his home address, nothing in the record suggests East West Bank ever served notices that the default or default judgment had actually been entered. The motion to vacate was timely.

[6] For purposes of a default judgment, the judgment roll is limited to the summons, proof of service of the summons, complaint, request for entry of default, copy of the judgment, notice of any ruling overruling a demurrer interposed by the defendant and proof of service thereof, and, if service was by publication, affidavit for publication and order directing it. (§ 670, subd. (a).)

actual notice of the summons and complaint pursuant to section 473.5 is reviewed for abuse of discretion. (*Ramos*, at pp. 1440-1441 & fn. 5; *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547; see *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.) When a ruling turns on a disputed issue of fact, the trial court's express and implied factual determinations will not be disturbed on appeal if supported by substantial evidence. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250; see *Griffith Co. v. San Diego College for Women* (1955) 45 Cal.2d 501, 507-508 ["[w]hen an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed"].)

2. *The Trial Court Did Not Abuse Its Discretion in Denying Adri Relief from Default*

In his one-page opening brief Adri repeats the arguments he made in the trial court that he was not personally served with the summons and complaint and was not (and could not be) the John Doe who the process server asserted had received the documents at Adri's home address.[7] In addition, Adri, who was represented by counsel in

---

[7] East West Bank requests that we strike Adri's opening brief because it violates various requirements of the California Rules of Court. Although a self-represented litigant is not excused from complying with the rules governing appellate practice, whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. (See generally *Alshafie v. Lallande* (2009) 171 Cal.App.4th 421, 432 ["we carefully examine a trial court order finally resolving a lawsuit without permitting the case to proceed to a trial on the merits"].)

Reciting the well-established rule it is the appellant's obligation to provide an adequate record on appeal (see, e.g., *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295), East West Bank also argues Adri's appeal should be dismissed because the two volume clerk's transcript includes only "a fraction of the pleadings filed in the trial court proceedings." East West Bank fails to identify any missing document that is arguably necessary for our evaluation of the appeal, and we are aware of none. The record contains the default judgment, Adri's motion to vacate default and default judgment with supporting papers

7

bankruptcy proceedings when East West Bank filed the lawsuit, insists there would have been no reason for him not to consult with his lawyers had he actually been on notice of the litigation, "There is no reason for me if I receive the subpoena not to take it to my lawyers. I have [too] much to lose by not doing so." In his reply brief Adri challenges the veracity of Hernandez, the process server, particularly with respect to Hernandez's statements he had tried and failed to personally serve Adri on several occasions prior to proceeding by substituted service.[8]

Denial of Adri's motion was not an abuse of discretion. It has never been asserted Adri was personally served in the action. The proof of service of summons and complaint established proper substituted service in compliance with section 415.20, subdivision (b). (See *Dill v. Berquist Construction Co., supra*, 24 Cal.4th at p. 1442 ["the filing of a proof of service creates a rebuttable presumption that the service was proper"].)[9] In addition, materials from Adri's bankruptcy proceedings indicated he had

_____

and exhibits including Adri's declaration, East West Bank's opposition with supporting papers and exhibits including Hernandez's proof of service of summons and complaint, East West Bank's request for judicial notice, Adri's reply memorandum and declaration, East West Bank's supplemental opposition with Hernandez's declaration, the court's tentative and final rulings and the notice of ruling. Nothing more is required.

[8] Adri has requested we take judicial notice of an advertising flyer indicating that the Van Nuys real property securing VNB's commercial loan was sold for $4.1 million prior to the entry of the default judgment against him. Neither the document submitted nor the information contained within it is a proper subject of judicial notice (see Evid. Code, § 452, subd. (h)). Moreover, while the recovery of a substantial portion of VNB's outstanding obligation through the sale of collateral may have practical consequences for enforcement of the judgment against Adri, it is irrelevant to the issue presented by this appeal. The request is denied.

[9] At oral argument, but not in his papers in the trial court or briefs on appeal, Adri asserted the summons and complaint had not been left at his home with "a competent member of the household" as required for proper substituted service under section 415.20, subdivision (b). This argument has been forfeited. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [failure to raise issue in trial court forfeits issue on appeal]; see also *Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226 ["[a]bsent a sufficient

actual notice of the lawsuit. East West Bank's opposition papers in the trial court included a July 24, 2013 filing by Adri's bankruptcy counsel acknowledging the pending state court litigation; and a July 10, 2013 schedule personally signed by Adri also listed the breach of guaranty lawsuit as one to which he was a party. Finally, as the trial court ruled, Adri failed to meet his burden under section 473.5, subdivision (b), of establishing his purported lack of actual notice of the lawsuit was not caused by his own avoidance of service or inexcusable neglect. (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862 [§ 473.5 motion properly denied where defendant's affidavit stated only that he had not personally received the complaint and did not show lack of inexcusable neglect].)

In effect, Adri asks this court to reweigh the evidence considered by the trial court and resolve issues of credibility. That is not the function of a reviewing court: "On appeal from an order denying a motion for relief from default or a default judgment, we will not disturb the trial court's factual findings where, as here, they are based on substantial evidence. It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence." (*Falahati v. Kondo, supra*, 127 Cal.App.4th at p. 828; see generally *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479 ["[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court"].)

---

showing of justification for the failure to raise an issue in a timely fashion, we need not consider any issue which, although raised at oral argument, was not adequately raised in the briefs"]; *Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 113 [points raised by appellant for first time at oral argument are forfeited].)

**DISPOSITION**

The postjudgment order denying the motion to vacate default and default judgment is affirmed.  East West Bank's motion for judicial notice, filed January 6, 2016, is denied.  East West Bank is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.